# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  63ᴿᴰ FLOOR

NEW YORK, NEW YORK 10118

TEL (212) 763-0883  |  FAX (212) 564-0883

WWW.KAPLANHECKER.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/2021

DIRECT DIAL  212.763.0883
DIRECT EMAIL shecker@kaplanhecker.com



September 1, 2021

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:    *United States v. Stefan He Qin*, No. 21 Cr. 75 (S.D.N.Y.)

Dear Judge Caproni:

We write pursuant to Rule 3 of this Court's Individual Practices in Criminal Cases on behalf of our client, Stefan He Qin, who is scheduled to be sentenced before Your Honor on September 15, 2021.

In accordance with the Court's July 20, 2021 Order (ECF 18), we are submitting today a pre-sentencing brief on behalf of Mr. Qin, which attaches a comprehensive psychiatric evaluation by Mr. Qin's psychiatrist as Exhibit A, and letters from Mr. Qin's family members as Exhibits B, C, and D. The pre-sentencing brief and the aforementioned exhibits contain detailed information relating to Mr. Qin's psychiatric condition.

We respectfully request that Your Honor order the unredacted copies of the pre-sentencing brief and Exhibits B, C, and D to be filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). We further request that Your Honor order the psychiatric evaluation attached as Exhibit A to be filed under seal in its entirety. The government consents to this sealing request.[1]

The Second Circuit recognizes "[t]he common law right of public access to judicial documents" and "the public and the press['s] . . . 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch*, 435 F.3d at 119-20 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). It has also articulated a three-step process that courts follow to determine whether documents should be placed under seal. First, a court must decide whether the documents constitute "judicial documents" such that a presumption of public access applies. *See id.* at 119. Second, if the court determines that the documents at issue constitute "judicial

---

[1] Consistent with Individual Rule 3, we are also emailing a copy of these documents and delivering courtesy copies to Chambers, with redactions highlighted in yellow.

KAPLAN HECKER & FINK LLP                                                                    2

documents," it must then determine the weight of the presumption of access. *Id.* Third, after determining the weight of the presumption of access, the court must balance the competing considerations against it. *Id.* at 120. Countervailing factors "include but are not limited to the 'danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Because the pre-sentencing submission and accompanying exhibits are relevant to the upcoming sentencing proceedings, they are judicial documents. *Id.* at 119 (judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process") (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). They also contain highly personal, confidential, and sensitive information regarding Mr. Qin's psychiatric medical history and condition. Where documents involve highly sensitive personal information, courts in the Second Circuit have recognized an inherent right to privacy and have permitted documents that implicate that right to be filed under seal. *See United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute."); *United States v. Martoma*, No. 12 Cr. 973, 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) ("[M]ost of the cases in which courts have concluded that the privacy interests of individuals were sufficient to overcome the presumption of access involve illness . . . .") (internal quotation marks omitted).

In accordance with these principles, courts in this Circuit routinely file under seal litigants' sensitive medical records, including psychiatric reports. *See, e.g.*, *Sattar*, 471 F. Supp. 2d at 387, 389 (holding that "the interest in personal privacy for the matters redacted from [the defendant's] [psychiatric] report provides a sufficiently compelling interest to overcome" the First Amendment right of access); *United States v. Daugerdas*, No. 9 Cr. 81, 2020 WL 2097653, at *3 n.2 (S.D.N.Y. May 1, 2020) (docketing under seal defendant's BOP medical records submitted in connection with a motion for a reduction in sentence under the federal compassionate release statute in light of COVID-19); *United States v. Lucas*, No. 15 Cr. 143, 2020 WL 2059735, at *3 (W.D.N.Y. Apr. 29, 2020) (filing defendant's medical records received from federal prison under seal); *United States v. Estevez*, 18 Cr. 669, 2020 WL 1911207, at *1 (S.D.N.Y. Apr. 20, 2020) (noting that medical records were filed under seal); *Ahmad v. White Plains City Sch. Dist.*, No. 18 Civ. 3416, 2019 WL 3202747, at *3 (S.D.N.Y. July 16, 2019) ("The Court directed Plaintiff to submit his medical records under seal in order to have his application considered . . . ."); *France v. Morton*, No. 12 Civ. 5576, 2018 WL 1276860, at *6 n.12 (S.D.N.Y. Mar. 9, 2018) (plaintiff's medical records filed under seal); *Robinson v. Clark*, No. 15 Civ. 8434, 2017 WL 775813, at *10 (S.D.N.Y. Feb. 27, 2017) (filing submission under seal where documents contained "medical information not appropriate for filing on a public docket").

Here, too, the Court should exercise its discretion and permit Mr. Qin's sentencing submission, and accompanying Exhibits B, C, and D, to be filed with redactions and Exhibit A to that submission to be filed under seal.

Thank you for your consideration of this request.

KAPLAN HECKER & FINK LLP

3

Respectfully submitted,

Sean Hecker
Shawn G. Crowley
Louis W. Fisher
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
shecker@kaplanhecker.com
scrowley@kaplanhecker.com
lfisher@kaplanhecker.com

*Attorneys for Stefan He Qin*

cc:    (by ECF)

Assistant United States Attorney Daniel Tracer

The Defendant's request to seal Exhibit A and redact other portions of the Defense sentencing submission is GRANTED.

SO ORDERED.

Date: September 2, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE