UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

STEFAN HE QIN,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

21 Cr. 75 (VEC)

WHEREAS, on or about February 4, 2021, STEFAN HE QIN (the "Defendant"), was charged in a one-count Information, 21 Cr. 75 (VEC) (the "Information"), with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Section 240.10b-5 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about February 4, 2021, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, to the United States any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $54,793,532.14 in United States currency representing the amount of proceeds traceable

to the offense charged in Count One of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Daniel Tracer, of counsel, and the Defendant, and his counsel, Sean Hecker, Esq. and Shawn G. Crowley, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $54,793,532.14 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, STEFAN HE QIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One

St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____       9/15/21
DANIEL TRACER                                           DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2329


STEFAN HE QIN

By: _____       15 sep 21
STEFAN HE QIN                                           DATE

By: _____       9/15/21
SEAN HECKER, ESQ.                                   DATE
SHAWN G. CROWLEY, ESQ.
Attorneys for Defendant
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118


SO ORDERED:

_____       9.15.21
HONORABLE VALERIE E. CAPRONI       DATE
UNITED STATES DISTRICT JUDGE